## CLARKE v. BAIRD.

### No. 15,178; November 10, 1893.

34 Pac. 777.

Appeal—Record.—On Appeal by Plaintiff from an Order vacating an order for the inspection of books of account, and from an order denying a motion to strike out defendant's answer, no error is shown where the record states that final judgment was rendered for plaintiff several months before the order for inspection was made, and before the motion to strike out, and the purpose of the order and motion at such a time is not disclosed.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

Action by Johanna F. Clarke, administratrix, against Andrew Baird. From an order vacating an order for the inspection of books of account, and from an order denying a motion to strike out defendant's answer, plaintiff appeals. Affirmed.

Alfred Clarke for appellant; H. C. Schaertzer for respondent.

VANCLIEF, C.—The transcript contains two notices of appeal—the first from an order vacating "an order for inspection of certain books of account," made at the instance of plaintiff; and the second "from the order denying plaintiff's motion to strike out the answer of defendant," on the alleged ground that he had refused to give his deposition in the case. The transcript consists of two bills of exceptions, one to each order appealed from, but contains no part of the pleadings in the action. It is stated in each of the bills of exception that "plaintiff recovered judgment November 28, 1891," but not even the substance or nature of the judgment is stated. It appears that the order for the inspection of books of account was an ex parte order, made on July 15, 1892, seven and a half months after the judgment in favor of plaintiff, and that the order vacating the above-mentioned order was made on July 29, 1892. Plaintiff's motion to strike out defendant's answer was heard and denied on July 29, 1892. It is difficult to conceive what lawful purpose could have been subserved by striking out defendant's answer, and inspecting his accounts with a third person (Hannah Wittram), or even with the plaintiff, eight months after final judgment; and surely no such purpose is made to appear by the bills of exception. From aught that appears in the record, it would seem that plaintiff should have moved to strike out defendant's answer, and to inspect his books before judgment, if she was entitled to such relief in that action. Had she done so, the action of the court, if properly excepted to, might have been reviewed on appeal from the judgment. As the record discloses no error, the orders appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

McFARLAND and FITZGERALD, JJ.—For the reasons given in the foregoing opinion the orders are affirmed.

DE HAVEN, J.—I do not think either of the orders appealed from an appealable order, but, as the practical effect of a dismissal of the appeals is the same as their affirmance, I concur in the judgment affirming the same.